**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4918**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

RODNEY WAYNE BARNES, a/k/a C,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Charlottesville.    Norman K. Moon,
Senior District Judge.  (3:10-cr-00032-NKM-1)

Submitted:  February 28, 2012          Decided:  March 20, 2012

Before WILKINSON, KING, and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Frederick T. Heblich,
Assistant Federal Public Defender, Christine Madeleine Lee,
Research and Writing Attorney, Charlottesville, Virginia, for
Appellant.  Timothy J. Heaphy, United States Attorney, Ronald M.
Huber, Assistant United States Attorney, Charlottesville,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Wayne Barnes appeals the 264-month sentence he received after pleading guilty to conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, 100 grams of heroin, and 500 grams of powder cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2006) and 21 U.S.C. § 846 (2006), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (2006). Barnes pleaded guilty pursuant to his written plea agreement, which included a waiver of Barnes' appellate rights. Specifically, Barnes waived his right to appeal his sentence on any of the grounds set forth in 18 U.S.C. § 3742(a) (2006) or any other ground.

The sole issue Barnes raises on appeal is whether the district court committed procedural error in calculating the drug quantity attributable to him. Barnes faults the district court for failing to conduct an evidentiary hearing and for failing to explain its methodology on the record. In its response brief, the Government seeks to dismiss the appeal based on the appellate waiver.

We review de novo the question of whether a defendant has waived his right to appeal in connection with a guilty plea. United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010). Where the United States seeks to enforce an appeal waiver and there is no claim that the United States breached its

2

obligations under the plea agreement, we will enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently agreed to waive the right to appeal; and (2) the issue raised on appeal falls within the compass of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Based on our review of the Fed. R. Crim. P. 11 hearing, we readily conclude that Barnes knowingly and intelligently entered into the plea agreement of his own volition, and that he understood the terms of the appellate waiver. We further conclude that the sole issue raised on appeal falls squarely within the scope of the broadly worded waiver. Thus, we enforce the appellate waiver and dismiss this appeal. See id. We deny Barnes' motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED